UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KHRISTIE CABRERA, individually and on
behalf of those individuals similarly situated,   :   Case No.:
                                                  :
                            Plaintiff,            :   **COLLECTIVE & CLASS**
                                                  :   **ACTION COMPLAINT**
            -against-                             :
                                                  :   **JURY TRIAL DEMANDED**
SUMMIT ENTERTAINMENT                              :
CORPORATION d/b/a GENTLEMEN'S                     :
QUARTERS, and PHILLIP TRICOLLA,                   :
individually,                                     :
                                                  :
                            Defendants.           :
------------------------------------------------------------------x

Plaintiff, **KHRISTIE CABRERA** (hereinafter "Plaintiff"), individually and on behalf of those individuals similarly situated, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and allege as follows:

## I. PRELIMINARY STATEMENT

1. This action arises out of Defendants, **SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS**, and **PHILLIP TRICOLLA'S** (*hereinafter* "Defendants"), failure to pay minimum wages and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2. Federal Courts in New York have found that exotic dances at adult clubs are employees and are entitled to protections under federal and New York state law. *See Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 Civ. 3043, 2013 WL 4822199, at *15, 19, 34 (S.D.N.Y. Sept. 10, 2013).

3. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief for Defendants' unlawful actions, compensation for lost wages, liquidated damages, violations of the Wage Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Defendants are located in the Eastern District of New York and transact business there.

## III. PARTIES

6. Plaintiff resides in Bayside, New York. She was employed by Defendants, from about October 2011 through October 2015, as an exotic dancer.

7. Plaintiff was Defendants' "employee" within the meaning of the FLSA and the NYLL.

8. At all times relevant to this action, Plaintiff was engaged in commerce or in the production of goods for commerce on behalf of Defendants.

9. Upon information and belief, Defendant Summit Entertainment Corporation is a New York corporation that owns and operates Gentlemen's Quarters (*hereinafter* "Defendant GQ") with its principal place of business located at 2151 Grand Avenue, Baldwin, NY 11510, in the Eastern District of New York.

10. Defendant GQ is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as food, beverages, alcohol, and outfits for exotic dancers; and (2) an annual gross volume of sales in excess of $500,000.00.

11. Defendant GQ is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and all other similarly situated employees (*hereinafter* "Class members").

12. At all relevant times, Defendant GQ has maintained control, oversight, and direction over Plaintiff and Class members.

13. Defendant GQ applies the same employment policies, practices, and procedures to all exotic dances, including policies, practices, and procedures with respect to payment of minimum wage, customer tips and the making of unlawful deductions.

14. Defendant Phillip Tricolla (*hereinafter* "Defendant Tricolla") is a person engaged in business in the Eastern District of New York, who is an owner, officer, and/or agent of Defendant GQ. He exercises sufficient control over Defendant GQ's operations to be considered Plaintiff's "employer" under the FLSA and NYLL, including the authority to hire and fire, and at all times material herein established and exercised authority regarding the pay practices at Defendant GQ.

15. Defendant Tricolla is identified by the New York State Liquor Authority as a "Principal" for the premises doing business as Defendant GQ.

16. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

### IV. FACTUAL ALLEGATIONS

17. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

18. Defendants knew, at all times, that nonpayment of minimum wage and forcing Plaintiff to unlawfully share tips would injure her and violate federal and State laws.

19. Plaintiff's wages consisted only of the tips she earned from Gentlemen's Quarters' patrons, minus fees and she and other similarly situated employees were required to pay.

20. As part of Defendants' policy, Plaintiff and Class members were required to pay other employees in the following amounts: 1) the "DJ" was to be given $15.00 (fifteen dollars) every night; 2) the "House Mom" was to be given $5.00 (five dollars) for each dance; 3) each bartender was to be given $5.00 (five dollars) every night; and 4) each "bouncer" was to be given $5.00 every night.

21. Additionally, if Plaintiff or Class members earned more than $300.00 (three-hundred dollars) during any given night, it was Defendants' policy to pay Plaintiff and Class members $300.00 (three-hundred dollars) in cash that night. The remaining balance of their earnings was written on a payment receipt that Plaintiff and/or Class members could submit to Defendants at the end of that week to obtain the balance of their compensation.

22. In addition, Defendants required Plaintiff, and Class members, to pay out various classes of employees as a tip share, but Defendant required Plaintiff and Class members to turn over said tips to the Defendant for redistribution to other employees, in violation of the FLSA Section 203(m) and Section 196-d of the New York Labor Law, which mandate that such redistribution may only occur by the tipped employees themselves.

23. Upon information and belief, Defendants kept no records of the tip shares and distributions, in violation of Section 196-d of the New York Labor Law.

24. Upon information and belief, Defendants unlawfully retained a portion of the tip shares for itself.

## V. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

26. Plaintiff brings this FLSA Collective Action under 29 U.S.C. Section 216(b) on behalf of all employees who worked for Defendants in a tipped position on and after a date that is three years prior to the filing of this complaint.

27. At all times herein, Plaintiff and the Class members have been similarly situated and have had substantially similar job requirements and pay provisions. Plaintiff and Class members were all subject to Defendants' practices, policies, and customs by which Defendants did not pay Plaintiff minimum wage because Defendants permitted non-tipped, ineligible employees to share in the tip pool.

28. The FLSA Collective action is brought as an opt-in pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b). The names and addresses of the Class members are readily available to Defendants, and notice can be provided to the Class members based on the last known addresses maintained by Defendants. Notice can be provided to the Class members by first class mail.

## VI. FEDERAL RULE OF CIVIL PROCEDURE 23 CLASS ACTION ALLEGATIONS

29. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

30. Plaintiff brings a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all tipped employees who worked for Defendants from a date six years prior to the filing of this complaint.

31. The Class members are easily ascertainable.

32. The hours worked, positions held, rates of pay, and days worked by the Class members are readily obtainable from Defendants' records.

33. The class is so numerous that joinder of all members is impractical, and disposition as a class will benefit the parties and the court. Although the precise number is not known, at least 50 to 100 exotic dancers worked for Defendants in the last six years (or as long as Defendants has been open).

34. The claims of the named Plaintiff are typical of the Class members as Defendants' policies applied to all tipped employees and all tipped employees suffered similar losses. All Class members were subject to the same corporate practices of Defendants – more specifically, Defendants' failure to pay compensation at the minimum wage hourly rate, retention of tips, forced deduction from tips and violations of the Wage Theft Prevention Act. These policies affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts to each Class member. Plaintiff and Class members sustained similar losses arising from the same unlawful policies, practices, and procedures.

35. Plaintiff is able to adequately protect the interests of the Class members and have no interests antagonistic to the Class.

36. Plaintiff is represented by counsel who is experienced and capable of maintaining a Class action, and who have previously represented plaintiffs, in Class and Collective Actions in wage and hour cases.

37. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly where the individual class members lack the financial resources to vigorously prosecute a lawsuit against the corporate Defendants. Class action treatment will permit a large number of similarly situated employees to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that are caused by numerous individual actions.

38. Because the losses, injuries, and damages suffered by each of the individual Class members are small, the expenses and burdens of individual litigation would make it difficult, or impossible, for the individual Class members to redress the wrongs. Further, important public policy interests will be served by addressing this matter as a class, and it will save judicial resources compared to individual litigation.

39. The prosecution of individual claims would risk inconsistent and/or varying adjudications with respect to the individual members of the class, thus establishing incompatible standards of conduct for Defendants and impairing the rights of class members. The issues in this action can be decided by means of common, class-wide proof.

40. Current employees often fear asserting their rights out of concerns of direct or indirect retaliation. Class actions provide class members who are not named in the complaint a degree of anonymity which allows the vindication of their rights, while eliminating or reducing these risks.

41. There are common questions of law and fact to the Class, which predominate over any questions affecting individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

    b. Whether Defendants paid Plaintiff and the Class members the New York State minimum wage for all hours worked;

    c. At what rate Defendants was required to pay Plaintiff or Class members;

    d. Whether Defendants illegally collected, redistributed, and retained portions of the Plaintiff's and Class members' tips;

    e. Whether Defendants unlawfully administered the tip share arrangement; and

    f. Whether Defendants unlawfully included non-tipped, non-eligible employees in the tip share arrangement.

## VII. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### [FLSA – Failure to Pay Minimum Wage]

42. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

43. Throughout the statute of limitations covered by these claims, Defendants knowingly and intentionally failed to pay Plaintiff and Class members the minimum wage for each hour worked.

44. Plaintiff, on behalf of herself and the Class members, seeks damages in the amount of their unpaid compensation, liquidated damages, counsel fees, costs, and legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### [NYLL – Failure to Pay Minimum Wage]

45. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

46. Defendants knowingly paid the Plaintiff and Class members less than the New York State minimum wage, in violation of New York Labor Law Section 663.

47. As a result of Defendants' willful violations of the New York Labor Law, Plaintiff and Class members are entitled to recover their respective unpaid wages, liquidated damages, counsel fees, and such other legal and equitable remedies as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### [NYLL – Misappropriation of Tips]

48. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

49. Defendants retained and/or misappropriated portions of the tips of Plaintiff and Class members.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff and Class members are entitled to an award of damages, including disgorgement, in an amount to be determined at trial, including liquidated damages and counsel fees.

## FOURTH CAUSE OF ACTION
**[Wage Prevention Theft Act]**

51.     Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

52.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire, and with an accompanying wage statement each time employees are paid.

53.     Plaintiff and Class members were never given a notice, either at the time of hire or thereafter, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

54.     Defendants violated NYLL § 195(1) by failing to furnish Plaintiff and Class members, at the time of hiring, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

55. Due to Defendants' violation of NYLL § 195(1), Plaintiff and Class members are entitled to recover from Defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## VIII. DEMAND FOR JURY TRIAL

56. Plaintiff repeats and incorporates by reference the foregoing paragraphs above.

57. Plaintiff and Class members hereby demand a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, upon the foregoing facts, Plaintiff and Class members pray for the following requested relief:

a. declaring that Defendants violated the minimum wage provisions of the FLSA and the NYLL;

b. declaring that Defendants' violations of the FLSA and the NYLL were willful;

c. enjoining future violations of the FLSA and the NYLL;

d. awarding Plaintiff and Class members damages for unpaid minimum wages, including disgorgement of tips unlawfully retained by Defendants;

e. awarding Plaintiff and Class members liquidated damages as a result of Defendants' failure to furnish and annual notices pursuant to the NYLL;

f. awarding Plaintiff and Class members liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

g. awarding Plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

h. awarding Plaintiff reasonable attorneys' fees and costs and disbursements, pursuant the FLSA and the NYLL; and

i. awarding such other and further relief as the Court deems just and proper.

Dated: Bohemia, New York
December 29, 2015

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____
SAUL D. ZABELL, ESQ.
Zabell & Associates, P.C.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax. (631) 563-7475
szabell@laborlawsny.com