# FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO & TERRANA, LLP

COUNSELORS AT LAW

THE OMNI
333 EARLE OVINGTON BLVD., SUITE 1010
UNIONDALE, NEW YORK 11553
TELEPHONE: 516-248-1700
FACSIMILE: 866-786-3783
WEBSITE: WWW.FORCHELLILAW.COM

**GREGORY S. LISI**
PARTNER
GLISI@FORCHELLILAW.COM

March 27, 2017

**Via ECF**
Hon. Peggy Kuo, US Magistrate Judge
United States District Court, Eastern District
225 Cadman Plaza East, Courtroom 11-C South
Brooklyn, New York 11201

RE: <u>Cabrera v. Summit Entertainment Corp., et al., Case No. 15-cv-07372</u>

Dear Magistrate Kuo:

We represent the defendants in the above-referenced matter. I am writing to advise the Court of the status of the parallel state court class action which had been pending in Nassau County Supreme Court.

As you may recall, by Order dated January 9, 2017, your Honor ordered a stay of this action pending determination by the Nassau County Supreme Court (Feinman, J.) as to the issue of whether plaintiff, Khristie Cabrera, timely and effectively opted out of that parallel state court class action.

By letter dated March 7, 2017, I advised the Court that, at the March 1, 2017 settlement fairness hearing for the state court action, Justice Feinman reserved his decision and ordered the parties to submit a new proposed order for his signature and to appear on April 12, 2017. Consistent therewith, the parties to the state court action submitted a new proposed order.

Said order was signed by Justice Feinman on March 10, 2017, and was entered in the Office of the Nassau County Clerk on March 15, 2017. A copy of said order is annexed hereto for your reference.

Thank you for your attention to this matter.

Respectfully submitted,

GREGORY S. LISI

cc:   Saul Zabell, Esq. (*via* ECF)
      Raymond Nardo, Esq. (*via* ECF)

FILED: NASSAU COUNTY CLERK 03/23/2017 10:56 AM
NYSCEF DOC. NO. 35

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

Case 1:15-cv-07372-PK Document 30 Filed 03/27/17 Page 2 of 5 PageID #: 260

FILED: NASSAU COUNTY CLERK 03/15/2017
NYSCEF DOC. NO. 33

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU

*In re Gentleman's Quarters Litigation*

Index No.: 603315/2015

[PROPOSED]
FINAL ORDER

## FINAL ORDER APPROVING SETTLEMENT

1. Pursuant to New York Civil Practice Law and Rules §§ 901, 902, 904 and 908, the parties have jointly agreed upon and submitted an order approving settlement in the above entitled action ("the Lawsuit") in accordance with a Settlement Agreement and Release (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and approval of the associated fees and costs (including attorney's fees, service awards for the Named Plaintiffs, mediator's costs, and settlement claims administrators costs and expenses) and the Court has considered the Agreement and the Affirmation of Michael A. Tompkins, dated February 28, 2017, and exhibits attached thereto;

2. On September 30, 2016, this Court issued a decision and order ("Preliminary Approval Order") preliminarily approving the proposed Settlement Agreement and providing for notice of the settlement to the class. Pursuant to CPLR § 907(2), this Court also scheduled a Fairness Hearing on March 1, 2017 to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

FILED: NASSAU COUNTY CLERK 03/23/2017 10:56 AM
NYSCEF DOC. NO. 35

Case 1:15-cv-00372-PK Document 30 Filed 03/27/17 Page 3 of 5 PageID #: 261

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

FILED: NASSAU COUNTY CLERK 03/15/2017
NYSCEF DOC. NO. 33

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

3. At the March 1, 2017 Fairness Hearing, the parties appeared before the Court and advised this Court regarding the nature and scope of the final settlement, and the projected dates for distribution of the settlement funds.

4. At the Fairness Hearing, no objectors appeared before the Court to object on any basis to the proposed settlement. Two Authorized Claimants appeared before the Court and both of their issues were resolved to their satisfaction.

5. Based on the foregoing, and upon all the evidence and arguments presented at the Fairness Hearing, and upon the Court's findings and conclusions at the Fairness Hearing, and as stated on the record at the Fairness Hearing, the proposed class action settlement is approved as fair and reasonable. This Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, the Court certifies the following class under New York Civil Practice Law and Rules §§ 901 and 902, for settlement purposes ("Settlement Class"):

> All individuals who performed services as dancers, entertainers, adult performers, or other related job classifications at Summit Entertainment Corp. also known as Gentlemen's Quarters between May 1, 2009 and June 1, 2016.

FURTHER, that this Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with New York Civil Practice Law and Rules §§ 901 and 902, and directs implementation of all its terms and provisions.

FILED: NASSAU COUNTY CLERK 03/23/2017 10:56 AM
NYSCEF DOC. NO. 35

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

Case 1:15-cv-07372-PK Document 30 Filed 03/27/17 Page 4 of 5 PageID #: 262

FILED: NASSAU COUNTY CLERK 03/15/2017
NYSCEF DOC. NO. 33

INDEX NO. 603315/2015
RECEIVED NYSCEF: 03/23/2017

FURTHER, that Plaintiffs and all other class members included on the Class List provided to Class Counsel who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Settlement Agreement, and all Authorized Claimants will be deemed to have released all Fair Labor Standards Act claims.

FURTHER, the one individual that identified through counsel that she elected to opt-out is deemed a valid opt-out and she may continue to pursue her claims.

FURTHER, that the notice given to the members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with CPLR § 908.

FURTHER, Defendants shall fund the Settlement Account in accordance with the Settlement Agreement in the amount of $560,000, including all payments for Authorized Claimants, attorney's fees and expenses, the Reserve Fund, service awards for the Named Plaintiffs Pawelsky and Tommy, and other amounts provided for in the Agreement, and such payment shall be due as set forth by the Settlement Agreement, including those detailed at the Fairness Hearing:

| | |
|---|---|
| Amounts owed to Authorized Claimants | $ 230,000.00 |
| Reserve Fund | $ 15,000.00 |
| Service Awards | $ 15,000.00 |
| CPA and Claims Administration Costs | $ 19,050.00 |
| Litigation and Mediation Costs & Expenses | $ 3,920.47 |

FILED: NASSAU COUNTY CLERK 03/23/2017 10:56 AM
INDEX NO. 603315/2015
NYSCEF DOC. NO. 35
RECEIVED NYSCEF: 03/23/2017

Case 1:15-cv-07372-PK  Document 30-2  Filed 03/23/17  Page 5 of 5 PageID #: 263

FILED: NASSAU COUNTY CLERK 03/15/2017
INDEX NO. 603315/2015
NYSCEF DOC. NO. 33
RECEIVED NYSCEF: 03/23/2017

Attorney's Fees                        $277,029.53

FURTHER, the Settlement Claims Administrator shall set aside a Reserve Fund in the amount of $15,000, which shall be held open by the Settlements Claims Administators to resolve late claims, errors, or omissions after the settlement checks are mailed to Authorized Claimants.

FURTHER, Class Counsel's fees, costs and expenses are deemed reasonable and fair considering the time, effort, and result achieved in this Settlement for Plaintiffs, and the Claims Administrator is directed to make such payments in accordance with the Affirmation of Michael A. Tompkins, and the Settlement Agreement to the requisite individuals and entities regarding such fees, costs, and expenses.

FURTHER, that the Settlement Claims Administrator is directed to distribute settlement funds to the class members, including the Service Awards, and also to satisfy all other incidental financial obligations with regard to the settlement amount from the Settlement Fund, all in accordance with the terms of the Settlement Agreement;

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the Settlement Agreement.

FURTHER, that the Clerk of the Court is directed to close this case bearing Index No.: 603315/2015 on the 31st day after this Order is entered.

It is so ORDERED this _10_ day of March, 2017.

                                       Honorable Thomas Feinman, J.S.C.

**ENTERED**

MAR 15 2017

NASSAU COUNTY
COUNTY CLERK'S OFFICE