UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KHRISTIE CABRERA, individually and on behalf of those individuals similarly situated,

    Plaintiff,

-against-

SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS, and PHILLIP TRICOLLA, individually,

    Defendants.

---

Case No.: 15-CV-07372 (WFK) (PK)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between **KHRISTIE CABRERA** ("Plaintiff") and **SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS** and **PHILLIP TRICOLLA** ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of April 20, 2018.

### RECITALS

A. WHEREAS, on or about December 29, 2015, Plaintiff filed the above-captioned action (the "Action") against Defendants alleging, *inter alia*, that Defendants failed to pay her certain wages due in connection with services that she performed on their behalf. The aforementioned Action is currently pending in the United States District Court, Eastern District of New York, Case No.: 15-CV-07372 (WFK) (PK);

B. WHEREAS, in the Action, Plaintiff has asserted, among other things, claims under the Fair Labor Standards Act and New York State Labor Laws, seeking unpaid minimum and/or overtime wages, statutory damages, attorneys' fees and costs, interest, and statutory damages for Defendants' purported failure to provide Plaintiff with wage statements and wage notices pursuant to New York Labor Law (together with all other claims Plaintiff has asserted or could assert relating to the payment of wages and benefits, the "Wage and Hour Claims");

C. WHEREAS, Defendants joined issue with their filing and service of their Answer, which denied the allegations in Plaintiff's complaint filed in this Action;

D. WHEREAS, Defendants defended and continue to defend against all claims in the Action, categorically deny the Plaintiff's allegations asserted in the Action, and admit no wrongdoing or any liability with respect to Plaintiff's allegations;

E. WHEREAS, during the course of the Parties' discovery, a material dispute arose regarding the Wage and Hour Claims;

F. WHEREAS, the Parties wish to resolve their claims without the need for continued costly and protracted litigation;

G. WHEREAS, no court has considered or determined the merits of Plaintiff's claims;

H. WHEREAS, on or about March 6, 2018, the Parties appeared before Magistrate Judge Peggy Kuo for a settlement conference wherein Magistrate Kuo was instrumental in assisting the Parties to settle their claims, subject to the Court's approval of this Settlement Agreement ("Judicial Approval"); and

I. WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily entered into this Settlement Agreement in exchange for the promises contained herein, which pertain to Defendants and the full payment due from Defendants as provided for herein.

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENTS

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that she will not seek any further consideration from or assert any additional or further claims against Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation</u>. Defendants agree to pay Plaintiff FIFTY-FIVE THOUSAND DOLLARS AND NO CENTS ($55,000.00) (the "Settlement Payment"), inclusive of

attorneys' fees, in full settlement of Plaintiff's claims against Defendants. The Settlement Payment shall be made in in one (1) down payment and ten (10) subsequent installments, as follows:

   a. *Down Payment*. Within five (5) business days after Judicial Approval of the Settlement Agreement, Defendants shall deliver to Plaintiff's counsel, Zabell & Associates, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716, two (2) checks. The first check shall be made payable to Plaintiff in the amount of THIRTEEN THOUSAND DOLLARS AND NO CENTS ($13,000.00), less deductions and/or statutory withholdings, and shall be treated for tax purposes as W-2 income. The second check shall be made payable to Plaintiff's co-counsel in the amount of SEVEN THOUSAND DOLLARS AND NO CENTS ($7,000.00), for legal fees.

   b. *Second Payment*. Within thirty-five (35) days after Judicial Approval of the Settlement Agreement, Defendants shall deliver to Plaintiff's counsel, Zabell & Associates, P.C., two (2) checks, The first check shall be made payable to Plaintiff in the amount of TWO THOUSAND THREE HUNDRED DOLLARS AND NO CENTS ($2,300.00) and shall be treated for tax purposes as 1099 income. The second check shall be made payable to Plaintiff's co-counsel, Zabell & Associates, P.C., in the amount of ONE THOUSAND TWO HUNDRED DOLLARS AND NO CENTS ($1,200.00), for legal fees.

   c. *Additional Payments*. By the tenth day of each month following delivery of the second payment, Defendants shall deliver to Plaintiff's counsel, Zabell & Associates, P.C., two (2) checks. The first check shall be made payable to Plaintiff in the amount of TWO THOUSAND THREE HUNDRED DOLLARS AND NO CENTS ($2,300.00) and shall be treated for tax purposes as 1099 income. The second check shall be made payable to Plaintiff's counsel, Zabell & Associates, P.C., in the amount of ONE THOUSAND TWO HUNDRED DOLLARS AND NO CENTS ($1,200.00), for legal fees. These additional payments shall be made by Defendants until the Settlement Amount is paid in full.

3. <u>Confession of Judgment</u>. Defendants shall each duly execute and acknowledge, in the county where each resides and/or owns a residence, an affidavit of Confession of Judgment, attached hereto collectively as Exhibit B, in favor of Plaintiff and her attorneys (the "Confessions"). These Confessions shall serve to make Defendants jointly and severally liable to Plaintiff for unpaid portions of the Settlement Amount.

Plaintiff's counsel shall hold the Confessions in escrow pending full payment by Defendants of the Settlement Amount, or as otherwise provided for in this Settlement Agreement. Within five (5) business days of the payment in full of the Settlement Amount described in Paragraph 2 above, Plaintiff's counsel shall stamp the executed original of the Confessions "VOID" and mail them, along with any and all copies of the Confessions, to the following: Elbert F. Nasis,

Esq., Forchelli Deegan Terrana LLP, 333 Earle Ovington Boulevard, Suite 1010, Uniondale, New York 11553, via USPS certified mail delivery.

In the event of a default of the payment of settlement installments as provided by Paragraphs 2(a)-(c) above, the defaulting parties shall be liable to Plaintiff for reasonable attorneys' fees incurred in the enforcement of the Confessions and/or this Agreement. subject to Paragraph 4 of this Settlement Agreement.

4. <u>Default and Right to Cure</u>. If, in the event any check given to Plaintiff's -counsel as per Paragraph 2 above does not clear, then Plaintiff's counsel shall advise Defendants' counsel in writing by email to enasis@forchellilaw.com and by regular mail to: Elbert F. Nasis, Forchelli Deegan Terrana LLP, 333 Earle Ovington Boulevard, Suite 1010, Uniondale, New York 11553. Defendants shall have ten (10) days from the date of receipt of said notice to cure said default. If said default is not cured, Plaintiff may enter a Confession of Judgment by Defendants, which shall be signed by said individual and corporate defendant and delivered to Plaintiff's counsel, to be held in escrow, five (5) business days after Judicial Approval of this Settlement Agreement.

5. <u>Tax Documentation</u>. Within two (2) days of Judicial Approval, Plaintiff's counsel shall provide a copy of its W-9 for Plaintiff's law firm, including tax identification number, and all other necessary information needed for tax purposes, and shall also provide fully completed and signed IRS forms W-4 and W-9 for Plaintiff, individually.

6. <u>Court Approval and Effectiveness of Settlement</u>

   6.1 <u>MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT.</u>

   6.1.1 On or before April 23, 2018, or any other date set forth by the Court, Plaintiff and Defendants in accordance with the Court's Scheduling Order entered on March 6, 2018, will file a Joint Motion seeking an Order approving the settlement of Plaintiff's Wage and Hour Claims (the "Approval Motion").

   6.1.2 In the Approval Motion, the Parties shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on the Parties, and shall dismiss the Action with prejudice (subject to the terms herein with the Court retaining jurisdiction over any disputes arising from settlement of this matter) and without attorneys' fees or costs to any party, except as specifically provided for in this Agreement.

   6.1.3 If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Civil Action will proceed as if no settlement had been attempted, and the Parties will retain all of their respective rights in these proceedings.

    6.1.4 The Parties will work together, diligently and in good faith, to obtain expeditiously a final Order approving the settlement Agreement and dismissing this Civil Action with prejudice.

7. <u>Effectiveness</u>. This Settlement Agreement shall be effective only when: (a) it is executed by all Parties and (b) a final Order of the Court has been issued approving the terms of specified in this Settlement Agreement.

8. <u>Full General Release</u>. In consideration for the total payment of FIFTY-FIVE THOUSAND DOLLARS ($55,000.00) (the "Settlement Amount") as set forth in Paragraphs 2 and 2(a)-2(c) herein, Plaintiff hereby completely, irrevocably and unconditionally releases, waives and forever discharges any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, which against the RELEASEES, Plaintiffs or Plaintiffs' heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have from the beginning of time until the date of the complete execution of this Agreement, including, without limitation, the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for breach of contract, compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, claims for statutory damages and/or penalties for failing to provide proper wage notices and/or wage statements, any other claims that were or could have been asserted in the Action, and any claim for attorneys' fees or costs incurred in pursuing these or any other legal claims against any of the RELEASEES.

9. <u>Representations and Warranties of Plaintiff</u>. By signing this Settlement Agreement, Plaintiff acknowledges and agrees that:

        (A)    She has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Settlement Agreement, and she has been specifically advised to consult with

legal counsel or a representative of her choice, had the opportunity to do so and has, in fact, done so by consulting with Plaintiff's Counsel;

(B)     She has read and understand the terms of this Agreement, all of which have been fully explained to her;

(C)     She is not affected by any condition, drug, alcohol or medication that would interfere with or impair her ability to understand the terms and scope of this Settlement Agreement;

(D)     She has signed this Settlement Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(E)     The only consideration for signing this Settlement Agreement is the terms stated herein and no other promise, agreement or representation of any kind have been made to Plaintiff by any person or entity whatsoever to cause her to sign this agreement;

(F)     She has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in this Action, and has full authority to enter into this Settlement Agreement and the release contained in Paragraph 8 above;

(G)     Upon payment of the amounts due pursuant to Paragraph 2 above, Plaintiff will have been paid in full for all time worked in connection with her employment with Defendants and Plaintiff is owed no other amounts or forms of compensation, including, but not limited to, any wages, overtime, minimum wage, prevailing wages, supplemental benefits, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonus, tips, and/or commission from Defendants; and

(H) She has not filed any administrative complaints or charges with any federal, state and local agencies/administrative bodies against the Defendants and that she has not filed any lawsuits, arbitrations, or actions against the Defendants other than this Action.  Plaintiff further represents that she will not file or pursue any other complaints, lawsuits, charges, claims, demands, appeals or actions of any kind in any forum (including, without limitation, court, administrative or governmental agency, arbitration) against the Defendants for any compensation or remuneration of any kind, wages, commissions, tips, overtime, prevailing wages and supplemental benefits, improper deductions, accrued benefits, the Wage and Hour Claims asserted in this Action, and all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New

York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, for any period of time of alleged employment up to the date of this Agreement.

10. <u>Voluntary Dismissal With Prejudice</u>. Within five (5) business days after receipt of the Settlement Payment delineated in Paragraph 2 of this Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action, attached hereto as Exhibit A.

11. <u>Cooperation and Non-Disparagement</u>. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Settlement Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement. The Settling Parties mutually agree that they will neither disparage each other nor say or do anything to bring discredit upon the other, but that they may make truthful statements, if asked by a third party.

12. <u>Jurisdiction</u>. The Parties agree to have the Court, specifically United States District Magistrate Judge Peggy Kuo, retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

13. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only and have no legal significance.

14. <u>Attorneys' Fees</u>. The Settling Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings and entry of the Confessions, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

15. <u>Entire Agreement</u>. This Settlement Agreement contains all the understandings and representation between the Settling Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment subject to Court approval, if necessary. The Settling Parties mutually agree that this Settlement Agreement can be

7

specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement. The Parties agree that should there be any ambiguity with respect to the interpretation of this Settlement Agreement, no inference will be drawn against either party as the drafter of this Settlement Agreement. The Settlement Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Settlement Agreement or any of its terms or provisions.

16. <u>Counterparts</u>. The Settling Parties may execute this Settlement Agreement in counterparts, and facsimiles or other electronic signature shall be deemed an original, and all of which taken together, shall constitute one and the same instrument.

**[Remainder of page left intentionally blank.]**

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. BY SIGNING THIS SETTLEMENT AGREEMENT, THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSULTED WITH AND ARE ACTING ON ADVICE OF AN ATTORNEY.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**PLAINTIFF KHRISTIE CABRERA:**

Dated: April 21, 2018

_____
**KHRISTIE CABRERA**

On the 20th day of April, 2018, before me, the undersigned notary, **KHRISTIE CABRERA** personally appeared and proved to me, on the basis of satisfactory evidence, that she is executing this **SETTLEMENT AGREEMENT AND RELEASE** intending to settle, release and waive any claims of any kind against Defendants, as defined in the Agreement.

_____
Signature and Office of individual taking acknowledgment

RAYMOND NARDO
Notary Public, State of New York
No. 02NA5012039
Qualified in Nassau
Commission Expires on June 15, 2019

**DEFENDANT:**

Dated: 4/23/18, 2018

By: _____
**PHILLIP TRICOLLA**

**SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS**

Title: **PRESIDENT**

**DEFENDANT PHILLIP TRICOLLA:**

Dated: 4/23, 2018

_____
**PHILLIP TRICOLLA**

On the 23rd day of April, 2018, before me, the undersigned notary, **PHILLIP TRICOLLA** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **SETTLEMENT AGREEMENT AND RELEASE** intending to settle, release and waive any claims of Plaintiff, as defined in the Agreement.

_____
Signature and Office of individual taking acknowledgment

DANIELLE E. TRICOLLA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02TR6268924
Qualified in Nassau County
My Commission Expires 9/17/20

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHRISTIE CABRERA, individually and on behalf of those individuals similarly situated,

          Plaintiff,

-against-

SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS, and PHILLIP TRICOLLA, individually,

          Defendants.

Case No.: 15-CV-07372 (WFK) (PK)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among **KHRISTIE CABRERA** ("Plaintiff") and **SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS** and **PHILLIP TRICOLLA** (collectively "Defendants"), by and through their respective undersigned counsel, that the above-captioned action be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party, and the Court shall retain jurisdiction to enforce the terms of the Parties' Settlement Agreement.

RAYMOND NARDO, P.C.
*Attorneys for Plaintiff*
129 Third Street
Mineola, NY 11501
(516)248-2121

By: _____
    Raymond Nardo, Esq.

Dated: _____

FORCHELLI DEEGAN TERRANA LLP
*Attorneys for Defendants*
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700

By: *Elbert Nasis* (signed)
    Elbert F. Nasis, Esq.

Dated: 4/23/18

SO ORDERED on this ___ day of _____, 2018,

_____
Hon. Peggy Kuo, U.S.M.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHRISTIE CABRERA, individually and on behalf of those individuals similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS, and PHILLIP TRICOLLA, individually,<br><br>Defendants. | Case No.: 15-CV-07372 (WFK) (PK)<br><br>AFFIDAVIT OF CONFESSION OF JUDGMENT OF DEFENDANT SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS |

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF Nassau        )

PHILLIP TRICOLLA, being duly sown, deposes, and says:

1. I am the Principal of the above-named corporate defendant, SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS. Accordingly, I am authorized to make this Affidavit of Confession of Judgment on behalf of SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS.

2. The Corporation resides at 2151 Grand Ave, Baldwin, NY 11510 in the County of Nassau.

3. As Principal of SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS, the undersigned hereby confesses judgment in the amount of ONE HUNDRED TEN THOUSAND DOLLARS ($110,000.00), less any amounts paid under the Parties' Settlement Agreement, and authorize entry thereof in this Court against SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS.

4. This Confession of Judgment is for a debt due to Plaintiff as compensation for Defendants' failure to abide by the terms of the Parties' Settlement Agreement, entered into in full settlement of Plaintiff's claims brought pursuant to the Fair Labor Standards Act and the New York Labor Law, as alleged in Plaintiff's December 29, 2015 Complaint. Therefore, this Confession of Judgment, subject to the Court's approval, represents settlement of the claim brought under December 29, 2015 Complaint in full.

5. I have no objection or defense to the enforcement of this Confession of Judgment.

6. I offer this Confession of Judgment of my own free will and have had the opportunity to review said document with the assistance of counsel prior to its execution.

7. I am not an infant, in the military, or an incompetent person.

**SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS**

By:   PHILLIP TRICOLLA            Dated: 4/23, 2018

Title: PRESDIENT

PHILLIP TRICOLLA

ON THE 23rd DAY OF April IN THE YEAR 2018, BEFORE ME PERSONALLY CAME PHILLIP TRICOLLA TO ME KNOWN, WHO, BEING BY ME DULY SWORN, DID DEPOSE AND SAY THAT HE RESIDES AT 2 McGann Dr, Rockville Centre, NY that he is the President of SUMMIT ENTERTAINMENT CORP. d/b/a GENTLEMAN'S QUARTERS, THE CORPORATION DESCRIBED IN AND WHICH EXECUTED THE ABOVE INSTRUMENT; THAT HE KNOWS THE SEAL OF SAID CORPORATION; THAT THE SEAL AFFIXED TO SAID INSTRUMENT IS SUCH CORPORATE SEAL; THAT IT WAS SO AFFIXED BY AUTHORITY OF THE BOARD OF DIRECTORS OF SAID CORPORATION, AND THAT HE SIGNED HIS NAME THERETO BY LIKE AUTHORITY.

NOTARY PUBLIC

DANIELLE E. TRICOLLA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02TR6268924
Qualified in Nassau County
My Commission Expires 9/17/20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHRISTIE CABRERA, individually and on behalf of those individuals similarly situated,<br><br>        **Plaintiff,**<br><br>  -against-<br><br>SUMMIT ENTERTAINMENT CORPORATION d/b/a GENTLEMEN'S QUARTERS, and PHILLIP TRICOLLA, individually,<br><br>        **Defendants.** | Case No.: 15-CV-07372 (WFK) (PK)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT OF DEFENDANT PHILLIP TRICOLLA** |

STATE OF NEW YORK   )
           ) ss.:
COUNTY OF Nassau    )

PHILLIP TRICOLLA, being duly sown, deposes, and says:

1. I am a Defendant in the above-named action. I reside at 2 McGann Drive, Rockville Centre, NY 11570.

2. I hereby confess judgment in the amount of ONE HUNDRED TEN THOUSAND DOLLARS ($110,000.00), less any amounts paid under the Parties' Settlement Agreement, and authorize entry thereof in this Court against myself, PHILLIP TRICOLLA.

3. This Confession of Judgment is for a debt due to Plaintiff as compensation for Defendants' failure to abide by the terms of the Parties' Settlement Agreement, entered into in full settlement of Plaintiff's claims brought pursuant to the Fair Labor Standards Act and the New York Labor Law, as alleged in Plaintiff's December 29, 2015 Complaint. Therefore, this Confession of Judgment, subject to the Court's approval, represents settlement of the claim brought under December 29, 2015 Complaint in full.

4. I have no objection or defense to the enforcement of this Confession of Judgment.

2

5. I offer this Confession of Judgment of my own free will and have had the opportunity to review said document with the assistance of counsel prior to its execution.

6. I am not an infant, in the military, or an incompetent person.

_____<br>PHILLIP TRICOLLA

On the 23rd day of April, 2018, before me, the undersigned notary, **PHILLIP TRICOLLA** personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this **AFFIDAVIT OF CONFESSION OF JUDGMENT OF DEFENDANT PHILLIP TRICOLLA** intending to settle, release and waive any claims of Plaintiff, as defined in the Agreement.

DANIELLE E. TRICOLLA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02TR6268924
Qualified in Nassau County
My Commission Expires 9/17/20

_____
Signature and Office of individual taking acknowledgment