```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
_____

KHRISTIE CABRERA, Individually and
on behalf of those individual
similarly situated,                     **15-cv-07372 (PK)**

        Plaintiff,            **DECLARATION OF RAYMOND NARDO, ESQ. IN SUPPORT OF COUNSEL FEE APPLICATIONS**

     -against-

SUMMIT ENTERTAINMENT CORPORATION
d/b/a GENTLEMEN'S QUARTERS, and
PHILLIP TRICOLLA, Individually

        Defendants.
_____

RAYMOND NARDO, Esq., declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am co-counsel for plaintiff in the above case, along with Zabell & Associates, P.C. I submit this fee application in support of plaintiff's counsels' joint fee request, which is far below the lodestar in this matter. My revised timesheets are attached as **Exhibit 1**, eliminating the parking expenses, and not including the time spent on this application. A statement about the background and experience of counsel and staff in the office of Zabell & Associates, P.C. is annexed hereto as **Exhibit 2**.

2. I graduated from the New York University School of Law in 1990 and was admitted to the New York State Bar in February 1991. I was admitted to practice in the Eastern District of New York on May 1, 1991, admitted to the Southern District of New York on May 21, 1991, admitted to the D.C. Circuit Court of Appeals on May 5, 1995, admitted to the Second Circuit Court of Appeals on May 22, 1995, and admitted to the United States Supreme Court on May 17, 1999.

3. From September 1990 through December 1992, I worked as an associate attorney for the Law Firm of Rains & Pogrebin, P.C. which was *exclusively* dedicated to the practice of Labor & Employment Law, including Fair Labor Standards Act ("FLSA") cases.

4. From January 1993 through the present, I have been self-employed as a sole practitioner, concentrating in Labor & Employment Law. Approximately 90% of my practice is devoted to Labor and Employment Law, with the majority of that currently devoted to FLSA cases. A printout of all S.D.N.Y. and E.D.N.Y. FLSA case for the last ten years is attached as **Exhibit 3** and **Exhibit 4**.

5. I tender more than 27 years of experience in Labor and Employment Law, and I have published four articles in the field: <u>St. Mary's Honor Center v. Hicks: Burst Bubble in Employment Discrimination</u>, New York Law Journal, p.1, Aug. 9, 1993; <u>Evidentiary Issues in Discrimination Litigation</u>, Vol. IX, No.2 of the Journal of the Suffolk Academy of Law, pp.139-155, (1994); <u>Panel Clears At-Will Employees Civil Rights Suits</u>, New York Law Journal, p.l., August 14, 2000; <u>Supreme Court Rejects 'Pretext Plus' for Discrimination Cases</u>, Vol. 26 No. 1 Spring 2001, Labor & Employment Law Newsletter, p. 19.

6. Employees who are defrauded of wages typically cannot afford my reasonable hourly rates, and many sole practitioners are unwilling risk their time and efforts to vindicate the rights of disenfranchised employees. The plaintiff in this matter could not afford to pay usual and customary hourly fees to litigate this matter on her behalf.

7. Due to these circumstances, counsel represented plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the

FLSA. As set forth in *Misek-Falkoff v. International Business Machines, Inc.,* 829 F. Supp. 660, 664 (S.D.N.Y. 1993):

> where a federal statute provides for fee-shifting, litigation invoking such a statue is intended by Congress to be for the benefit of the public as well as that of the plaintiff's; the plaintiffs function as private attorneys general. Fee-shifting inextricably interweaves fee issues with the rest of the litigation.

Without such fee shifting, putative counsel might look askance at nominal FLSA cases that offer scant monetary incentive. No doubt, this Court is mindful of the inherent peril in representing plaintiffs on a contingent basis. In fact, in this case, even *if* defendants pay the agreed upon settlement, both plaintiffs' counsel will suffer a loss.

8. Moreover, cases may take years to resolve and may require large investments of counsel's time, with no certainty of compensation at the culmination of the litigation. An employee rights attorney, especially a sole practitioner, who does not prevail, or collect, risks a substantial, if not catastrophic, impact upon his practice. However, without the efforts of attorneys who represent employees on a contingent, fee-shifting basis, the claims of disenfranchised and

underpaid employees might never be heard, and the promise of fee-shifting statutes designed to protect employees would ring hollow.

9. It is imperative that attorneys who take such risks be compensated for their efforts, including delays and risks in receiving payment, so that counsel may be encouraged, and available, to represent future employees on a contingent basis. This contrasts with defense counsel who receive the certainty of an hourly rate, regardless of the outcome.

10. Plaintiffs' counsel seeks compensation at the rate of $450 per hour. Your deponent charges individual and institutional clients at the rate of $450 per hour in the field of Labor & Employment Law. This rate is fair when considering the geographical area and that plaintiff's counsel has been practicing Employment Law (and published several articles in the field) for more than 27 years. "The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." *Hugee v. Kimso Apartments, LLC,* 852 F.Supp.2d 281, 300

(E.D.N.Y. 2012). *Seer also, Thorsen v. Cnty. of Nassau,* 2011 WL 1004862, at *5-6 (E.D.N.Y. Mar.17, 2011) (approving hourly rate of $425 for a "well known labor and employment attorney with 26 years of experience"); *Pilitz v. Inc. Vill. of Freeport,* 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (describing practice in this district of awarding fees at hourly rates of "approximately $300-$450 per hour for partners" and collecting cases).

11. In recent FLSA settlements, *Caprile v. Village Launderette,* 14-CV-06386 (MHD), Magistrate Judge Dolinger approved a contingent fee which was less than the lodestar rate submitted at the rate of $400 per hour; Judge Engelmayer approved a contingent fee submitted at the rate of $395 per hour in *Rivera v. SA Midtown LLC d/b/a Casa Lever,* 16-CV-2097 (PAE); and Magistrate Judge Orenstein approved contingent fees submitted at $395 per hour, *Mota v. ASPL Café, Inc.*, 16-CV-01099; *Almodovar v. ASPL Café, Inc.*, 16-CV-03777.

12. While some courts may require that a Judge assess the reasonableness of the fee award *(Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 336 (S.D.N.Y. 2012)), others simply defer to the private contract

between the employee and his counsel. In the instant matter, the contingent fee is more beneficial to the plaintiff than the fee merited by the lodestar calculation. For instance, in *Mares v. Dal Chon Kim,* 2016 U.S. Dist. LEXIS 96723 at *5 (S.D.N.Y. 2016), the court held that:

> the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

13. The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell,* 495 U.S. 82, 90 (1990), where the Supreme Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract.

14. Similarly, in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), the Second Circuit noted that the obligation to pay wages falls upon the

employer - not the employee's counsel who labored for an agreed-upon fee. In *Cheeks,* the Second Circuit expressly noted "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Id.* at 207. *Cheeks* only requires a court to review "adequate documentation" of the fee, which is re-submitted herein (Exhibit 1), and a review of the settlement amount that the employer is paying to the employees. *Cheeks* is in full accord with *Mitchell,* where the Supreme Court approved plaintiff's counsel's fee based upon the private contract between the parties, finding that the fee shifting "does not interfere with the enforceability of a contingent-fee contract." *Id.*

15. My computer-generated time-sheets are annexed hereto as Exhibit 1. As I enter my time directly onto the computer, there are no other contemporaneous sheets with entries. The costs incurred were the parking fees attendant to appearances in the EDNY Brooklyn. As it would be tedious to dig out the parking receipts for the past 3 years, most of which are in the possession of my accountant, I have removed those costs from the

bill.

16. Further, I waived the standard copying charges of $0.10 per page for copies and mileage fees.

17. The combined fee award is at or less than the 1/3 contingency, and *each* attorneys' office has lodestar fees greater than 1/3 of the settlement.

18. By awarding these fees, counsel will be compensated for prevailing in an FLSA case, pursuant to the agreement between plaintiff and counsel, which inures to the benefit of Plaintiff, and the purpose of the fee-shifting statutes will be effectuated.

WHERFORE, Plaintiff respectfully requests that this Court grant the application for counsel fees and costs for a total of one third of the settlement amount.

                                         RAYMOND NARDO, ESQ.
                                         RAYMOND NARDO, P.C.
                                         129 Third St.
                                         Mineola, NY 11501
                                         (516)248-2121

<u>CERTIFICATE OF SERVICE</u>

I certify that on April 25, 2018, I, Raymond Nardo served:

__ mailed, first class

__ return receipt requested

__ overnite mailed

__ faxed

__ personally served

<u>XX</u> by ECF

the enclosed:

DECLARATION OF RAYMOND NARDO IN SUPPORT OF PLAINTIFF'S FEE APPLICATION, with Exhibits

to Counsel for the Defendants located at:

Gregory Lisi, Esq.
Elbert Nasis, Esq.
Forchelli Deegan Terrana
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553

                                                           _____
                                                           Counsel for the Plaintiff